UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ANDREA JEPSEN,                        Civil No. 13-660 (MJD/AJB)

       Petitioner,

       v.                                 **REPORT AND RECOMMENDATION**

DANNEZ HUNTER,

       Respondent.

This matter is before the undersigned United States Magistrate Judge on the application of Respondent, Dannez Hunter, for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Respondent's IFP application accompanied a self-styled "Emergency Motion for Removal," (Docket No. 1), by which Respondent is attempting to remove this action from state court into federal court, pursuant to 28 U.S.C. §§ 1441, et seq.

The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that removal is not permissible in this case. The Court will therefore recommend that Respondent's IFP application be denied, that his "Emergency Motion for Removal" be vacated, and that this action be summarily remanded to the state court where it was originally commenced.

**I.     BACKGROUND**

The named Petitioner in this case, Andrea Jepsen, commenced the present action by filing an application for a Harassment Restraining Order, ("HRO"), in the state district court for Ramsey County, Minnesota. The petition that initiated this action in the state court

was based solely on a Minnesota state statute – Minn.Stat. 609.748. Nothing in the current record suggests that Petitioner cited, or relied upon, any federal law to support her HRO petition. Furthermore, Respondent has not cited, and the Court is not independently aware of, any federal law on which Petitioner's HRO petition could have been based.

An initial HRO for Petitioner's benefit was entered in the Ramsey County District Court on or about February 1, 2013. (See Attachments to "Emergency Motion for Removal," pp. 44-47.) It appears that the original HRO was later reviewed, extended and amended, (see id., pp. 48-50), but as far as the Court can tell, an HRO for Petitioner's benefit remains in effect at this time.

On March 22, 2013, Respondent initiated his current effort to remove the state court HRO proceedings into federal court. As previously mentioned, Respondent did not tender the statutory filing fee with his notice of removal, but instead applied for IFP status. The Court finds that Respondent's IFP application must be denied, and this case must be summarily remanded to the state court, because Petitioner's HRO petition provides no grounds for federal subject matter jurisdiction.

## II.   DISCUSSION

The federal removal statute provides that

> "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1441(a) (emphasis added).

The federal removal statute is narrowly construed, to ensure that federal courts do not violate the vital principles of comity and federalism, by entertaining actions in which

2

federal subject matter jurisdiction is lacking.  See Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002) ("the nature of federal removal jurisdiction – restricting as it does the power of the states to resolve controversies in their own courts – requires strict construction of the legislation permitting removal"); see also In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993) ("district court was required to resolve all doubts about federal jurisdiction in favor of remand").

The fundamental principles governing removal of state court actions to federal court have been summarized by the United States Supreme Court as follows:

> "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. [Footnote omitted.] Absent diversity of citizenship, federal-question jurisdiction is required. [Footnote omitted.] The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  See Gully v. First National Bank, 299 U.S. 109, 112-113 (1936).  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. [Footnote omitted.]"

Caterpillar v. Williams, 482 U.S. 386, 392 (1987) (emphasis added).  See also, Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998); Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1242 (8th Cir. 1995).

The highlighted language from Caterpillar clearly indicates that removability issues must be resolved by looking at the plaintiff's pleading.  In the absence of diversity jurisdiction, a state court action can be removed to federal court only if the plaintiff has pleaded a claim based on federal law.  If a plaintiff is proceeding exclusively under state law, a defendant cannot cause an action to become removable by pleading a defense or counterclaim based on federal law.  Magee, 135 F.3d at 601.  As the Supreme Court has

noted, the plaintiff is the "master of the claim," so if the plaintiff's action is based solely on state law principles, the defendant is powerless to remove the action to federal court.[1]

The state court action at issue here is not removable, because the action could not have been initiated in federal court. It is readily apparent that this action is based entirely on Minnesota state law. Petitioner did not, (and could not), attempt to bring her HRO action under any federal law.[2] Furthermore, it appears that both Petitioner and Respondent were Minnesota residents when this HRO action was commenced in state court, so the action could not have been brought in federal court under the diversity of citizenship statute, (28 U.S.C. § 1332). If Petitioner had tried to commence her HRO action in federal court, the case would have been quickly dismissed for lack of subject matter jurisdiction. Because this action could not have been filed in federal court at its inception, due to lack of federal subject matter jurisdiction, it cannot be removed to federal court now. Caterpillar, supra.

Because Petitioner's current HRO action is not removable, the Court will recommend

---

[1] There is one narrow exception to this rule, known as the "complete pre-emption doctrine." Caterpillar, 482 U.S. at 393. As explained by the Supreme Court, "[o]nce an area of state law has been completely pre-empted [by federal law], any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim." Id. The complete pre-emption doctrine has been applied primarily in labor law cases where federal labor law has effectively superseded any potentially relevant state law. Shuver v. Midamerican Energy Company, 154 F.3d 795, 798 (8th Cir. 1998). The complete pre-emption doctrine is wholly irrelevant here, because no federal law has pre-empted the state HRO statute on which Petitioner's action is based.

[2] Respondent's submissions include repeated references to the "Section 8 Housing" statutes, and other federal laws. Those laws may have some relevance to various legal matters that preceded the current HRO case, (some of which may still be ongoing), but the HRO action itself was not brought – and could not be brought – under Section 8, or any other federal law cited by Respondent.

that Respondent's purported "Emergency Motion for Removal" be vacated, and that this action be immediately remanded to state court. The Court will further recommend that Respondent's pending IFP application be denied. See Headd v. Headd, No. 94-1001 (8th Cir. 1994), 1994 WL 558185, (unpublished opinion) (IFP application was properly denied where IFP applicant's attempt to remove a state court action to federal court was found to be improper).

Finally, the Court notes that Petitioner has filed a motion seeking to have this case remanded to state court. (Docket No. 3.) Having already determined that this case must be remanded due to the absence of federal subject matter jurisdiction, the Court will recommend that Petitioner's remand motion be granted.

### III.  RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Respondent's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Respondent's "Emergency Motion for Removal," (Docket No. 1), be **VACATED**;

3. Petitioner's motion for remand, (Docket No. 3), be **GRANTED**; and

4. This matter be immediately **REMANDED** to the State District Court for Ramsey County, Minnesota.

Dated: April 4, 2013

                                                        s/ Arthur J. Boylan  
                                                       ARTHUR J. BOYLAN  
                                                       Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before April 19, 2013.